177 So. 167

**SPEER v. STATE.**

7 Div. 473.

Supreme Court of Alabama.

Nov. 18, 1937.

See, also, Speer v. State, ante, p. 4, 177 So. 161.

Frank B. Embry, of Pell City, for petitioner.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

FOSTER, Justice.

At the time the grand jury for St. Clair county was organized, and which is here brought in question, the Local Act of 1935 (page 36) was in effect. That act provides that there shall be but one jury box in that county, though by the Local Act of 1907 (page 61) the county was divided into two court districts or divisions. In that box the names of all persons in the county subject to jury duty and qualified to serve are required to be placed, and jurors for either district were drawn from those who reside anywhere in the county.

Regardless of the meaning of the Local Act of 1907 (page 61), in that respect, the general jury law of 1909, section 25, page 316, required a separate box for each district, containing names of residents of each district to serve in it. A Local Act of 1915 (page 218) undertook to change that law for St. Clair county by establishing one box for jury service of residents in the entire county qualified for such service, so that jurors for both districts should come from the entire county, such as was later enacted in 1935, supra.

The same Legislature enacted a general court bill including section 13, page 812, Gen.Acts 1915, in which it was provided that a grand jury, when recessed, "may be reassembled at any place where the circuit court of the county is to be held." It is said that the circuit court held this Local Act of 1915, supra, unconstitutional, and the jury law was then controlled by the general jury law of 1909, supra, with two boxes until the act of 1935, which made the change referred to, so that since then there has been only one jury box for both of the districts of the county.

We are not called upon to ascertain the effect of section 13 of the general act of 1915, supra, now section 8665, Code, at a time when there were separate jury boxes for the two districts. But, as we said in answer to the inquiry from the Court of Appeals in this case, as set out in their opinion, the operation of that act, now section 8665, Code, upon the Local Act of 1935, supra, was such as that by its clear language a grand jury in said county, when recessed, "may be reassembled at any place where the circuit court of the county is to be held."

While that was a new section of the Code, it was not new law by the adoption of the Code. Its incorporation in the Code had the effect of bringing forward a previous act of the Legislature, and is not affected by section 11, Code.

If section 8665, Code, as enacted in 1915, conflicts with or adds to the local laws pertaining to St. Clair county, to wit, the Local Act of 1907, it is not by virtue of the adoption of the Code, but by virtue of the Act of 1915, which is merely brought forward into the Code. We do not inquire whether there is such conflict, or whether it merely adds further features, but simply answer the contention made by petitioner.

Our judgment is that our answer to the inquiry of the Court of Appeals, which is incorporated in the opinion of that court in this case, is not erroneous by reason of the effect of section 11 of the Code. No other question is here argued in brief.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.