91 So.2d 684

### Sophie Lorraine TIDWELL

v.

### Lee Edward TIDWELL.

### 7 Div. 323.

Supreme Court of Alabama.

Dec. 21, 1956.

Starnes & Holladay, Pell City, for appellant.

Robinson & Martin, Pell City, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of St. Clair County, southern judicial division at Pell City, in equity, overruling appellant's demurrer to appellee's bill for divorce.

As argued here, the question presented is whether the bill shows on its face that the circuit court of St. Clair County, south-ern judicial division at Pell City, in equity, does not have jurisdiction to entertain the suit. The position taken by appellant is that Act No. 53, appvd. Feb. 23, 1907, Local Acts Ala.1907, pp. 61–64, in effect, divides St. Clair County into two judicial circuits, viz., the northern judicial division at Ashville and the southern judicial division at Pell City (see Speer v. State, 27 Ala.App. 579, 177 So. 162, certiorari denied 235 Ala. 46, 177 So. 167; Shell v. State, 2 Ala.App. 207, 210, 56 So. 39; that section 5 of said Act provides that all civil actions which arise in the northern judicial division shall be heard and determined in the circuit court when sitting at Ashville, and that all civil actions which arise in the southern judicial division shall be heard and determined when the circuit court is sitting at Pell City; that the complaint fails to show that the divorce action arose in the southern judicial division where the suit was filed; that the bill should contain allegations showing jurisdiction in the southern judicial division; and that failure to so allege renders the bill defective. Appellant further contends that the bill is defective in failing to show that the circuit court of St. Clair County, in equity, has jurisdiction under Code 1940, Tit. 34, § 28, which provides as follows:

"Bills for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred; if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."

█ In answer to the first contention it seems necessary only to call attention to the provision in section 5 of Act No. 53, supra, which specifically provides that "all actions against nonresidents of said county may be brought in either division of said court." The bill alleges that the respondent (appellant) "resides at 27 Beacon Street, Quincy, Massachusetts."

As to the second contention it is to be noted that § 28, Tit. 34, supra, provides that "if the defendant is a nonresident" the bill may be filed "in the circuit court of the county in which the other party to the marriage resides." It is alleged in the bill that complainant (appellee) "is a bona fide resident citizen of St. Clair County, Alabama", and, as already noted, it is also alleged that the respondent (appellant) resides outside the State of Alabama.

We find no error in the trial court's ruling on the demurrer.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.